IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SHYAN BARNETT, | ) | C/A: 2:18-cv-00204-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PALMETTO HEIGHTS MANAGEMENT, LLC d/b/a AIRPORT INN; et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PENNY SAMBRANO, | ) | C/A: 2:18-cv-00216-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PALMETTO HEIGHTS MANAGEMENT, LLC d/b/a AIRPORT INN; et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| TIFFANY SLAWSON, | ) | C/A: 2:18-cv-00217-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PALMETTO HEIGHTS MANAGEMENT, LLC d/b/a AIRPORT INN; et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1

Plaintiffs' Responses to LR 26.03 Interrogatories
C/A: 2:18-cv-00204-RMG-MGB; 2:18-cv-00216-RMG-MGB; and 2:18-cv-00217-RMG-MGB

## **PLAINTIFFS' RESPONSES TO RULE 26.03 INTERROGATORIES**

Plaintiff responds to Local Civil Rule 26.03 of the Federal Rules of Civil Procedure as follows:

**(1)   A short statement of the facts of the case.**

**Response:**

1.     Plaintiff, Penny Sambrano is a former employee of the Defendants working at the Clarion Inn & Suites and Airport Inn hotel in North Charleston, South Carolina.  She was employed as a sales representative from 2012 to 2014. Ms. Sambrano's direct manager at the Clarion Inn & Suites and Airport Inn was Kamlesh Shah, the owner/operator of Clarion Inn & Suites and Airport Inn during Ms. Sambrano's time of employment as a sale's representative. During the time of her employment at the Airport Inn, Mr. Sambrano was sexually harassed by Mr. Shah.  Mr. Shah engaged in sexual harassment directed toward Ms. Sambrano, examples of which include, but are not limited to the following:

a.  made unwelcome sexual comments to Sambrano and other female employees;

b.  stated that, "a woman knows nothing until a man has taught her;

c.  told Sambrano she needed to, "sell herself" by wearing tight, low cut clothing;

d.  told Sambrano she needed to wear skirts;

e.  made comments about "getting head" and "wet pussy;"

f.  adjusted his penis in front of Sambrano and stated, "it's large;"

g.  stated that he likes "big asses;"

h.  stated on many occasions that he "only cares about money and good pussy."

Plaintiffs' Responses to LR 26.03 Interrogatories
C/A: 2:18-cv-00204-RMG-MGB; 2:18-cv-00216-RMG-MGB; and 2:18-cv-00217-RMG-MGB

    2.    Plaintiff, Tiffany Slawson, is a former employee of the Defendants working at Airport Inn hotel in North Charleston, South Carolina. She was employed as a sales representative from November of 2013 to March of 2014. Ms. Slawson's direct manager at the Airport Inn was Kamlesh Shah, the owner/operator of the Airport Inn during Ms. Slawson's time of employment as a hotel manager. During the time of her employment at the Airport Inn, Mr. Slawson was sexually harassed by Mr. Shah. Mr. Shah engaged in sexual harassment directed toward Ms. Slawson, examples of which include, but are not limited to the following:

    a.    made unwelcome sexual comments to Slawson and other female employees;

    b.    stated that, "a woman knows nothing until a man has taught her;"

    c.    told Slawson she needed to, "sell herself" by wearing tight clothing;

    d.    told Slawson she needed to show cleavage;

    e.    asked Slawson if her nipples were pierced or if she just had big nipples;

    f.    pulled Slawson's shirt down to show more of her breasts;

    g.    told Slawson she had a "nice ass" and "large titties;" and,

    h.    stated on several occasions that he "only cares about money and good pussy."

    3.    Plaintiff, Shyan Barnett is a former employee of the Defendants working at the Airport Inn hotel in North Charleston, South Carolina. She was employed as a front desk clerk from December of 2013 to March of 2014. Ms. Barnett's direct manager at the Airport Inn was Kamlesh Shah, the owner/operator of the Airport Inn during Ms. Barnett's time of employment as a hotel manager. During the time of her employment at the Airport Inn, Mr. Barnett was sexually harassed by Mr. Shah. Mr. Shah engaged in sexual harassment directed toward Ms. Barnett,

Plaintiffs' Responses to LR 26.03 Interrogatories
C/A: 2:18-cv-00204-RMG-MGB; 2:18-cv-00216-RMG-MGB; and 2:18-cv-00217-RMG-MGB

examples of which include, but are not limited to the following:

    a.    made unwelcome sexual comments to Barnett and other female employees;

    b.    stated that, "a woman knows nothing until a man has taught her;"

    c.    stated to women, "you speak when spoken to," but never said the same to men;

    d.    told Barnett that where he was from women were beneath men;

    e.    told Barnett she had a "big ass" and big breasts;

    f.    told Barnett to flirt with the guests and lean over the counter to show her breasts;

    g.    graze Barnett and touch her breast with his pointer finger;

    h.    stated on several occasions that he "only cares about money and good pussy;" and,

    i.    asked Barnett "do you know what Kam likes?  By the time I come back tonight you better know what two things Kam likes."

**(2)** **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**Response:**

    a.    Penny Sambrano. Ms. Sambrano is expected to testify to the subject matter of this litigation, to include sexual harassment suffered by Ms. Sambrano as well as additional employees of the defendant.  She also is expected to testify as to the retaliation she suffered after making complaints of sexual harassment.

    b.    Tiffany Slawson. Ms. Slawson is expected to testify to the subject matter of

Plaintiffs' Responses to LR 26.03 Interrogatories
C/A: 2:18-cv-00204-RMG-MGB; 2:18-cv-00216-RMG-MGB; and 2:18-cv-00217-RMG-MGB

      this litigation, to include sexual harassment suffered by Ms. Slawson as well as additional employees of the defendant. She also is expected to testify as to the retaliation she suffered after making complaints of sexual harassment.

c. Shyan Barnett. Ms. Barnett is expected to testify to the subject matter of this litigation, to include sexual harassment suffered by Ms. Barnett as well as additional employees of the defendant. She also is expected to testify as to the retaliation she suffered after making complaints of sexual harassment.

d. Thomas Slawson, an employee of Kamlesh Shah and the father of Tiffany Slawson. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

e. Jeremy Horton, an employee of Kamlesh Shah employed in the capacity as an IT technician. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

f. Freda Holback, an employee of Kamlesh Shah employed in the capacity as a front desk clerk. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

g. Shelton Black, an employee of Kamlesh Shah employed in the capacity as a maintenance technician. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

h. Andrew Kinloch, an employee of Kamlesh Shah employed in the capacity as a sales representative. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

i. Lilly Pair, an employee of Kamlesh Shah employed in the capacity as a

Plaintiffs' Responses to LR 26.03 Interrogatories
C/A: 2:18-cv-00204-RMG-MGB; 2:18-cv-00216-RMG-MGB; and 2:18-cv-00217-RMG-MGB

        general staff member. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

j.    Crystal "Doe," an employee of Kamlesh Shah employed in the capacity as a general staff member. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

k.    Tammy Brown, an employee of Kamlesh Shah employed in the capacity as a front desk clerk. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

l.    Adrina Jones, an employee of Kamlesh Shah employed in the capacity as head of housekeeping. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

m.    Officer Flemming, a North Charleston police officer. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

n.    Vivien "Doe," an employee of Kamlesh Shah employed in the capacity as a property manager. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

o.    Felicia Lawrence, a friend of Tiffany Slawson and witness to the aforesaid sexual harassment. Witness is expected to testify to sexual harassment suffered by female employees of Defendant.

**(3)    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

    **Response:**  Plaintiff has not retained an expert witness at this time. However, Plaintiff expressly reserves the right to identify other expert witnesses pursuant to the terms of the

Plaintiffs' Responses to LR 26.03 Interrogatories
C/A: 2:18-cv-00204-RMG-MGB; 2:18-cv-00216-RMG-MGB; and 2:18-cv-00217-RMG-MGB

applicable proposed First Amended Scheduling Order entered in the action.

**(4)** **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**Response:**    Plaintiffs' claims that they suffered sexual harassment in violation of Title VII of the Civil Rights Act of 1964.   To state a hostile work environment claim, Bass must allege that: (1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Bass v. E. I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiffs also claim that they were engaged in protected activity due to which her employer subsequently took adverse action. *Mundy v. Waste Mgmt. of North Am., Inc.* 126 F.3d 239, 242 (4th Cir. 1997).  There was no legitimate, non-discriminatory reason for the adverse action.

**(5)** **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02.**

    **(a)** **Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures;**

    **(b)** **Completion of discovery.**

**Response:**    The parties have agreed to a proposed First Amended Consent Scheduling Order, which was submitted with the Rule 26(f) Report.

**(6)** **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.  See generally Local Civil Rule 16.02(c) (Content of Scheduling Order).**

**Response:**    Plaintiffs are unaware of any additional circumstances that would affect the time frames applied in the proposed First Amended Scheduling Order.

**(7)** **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

Plaintiffs' Responses to LR 26.03 Interrogatories
C/A: 2:18-cv-00204-RMG-MGB; 2:18-cv-00216-RMG-MGB; and 2:18-cv-00217-RMG-MGB

**Response:**   Plaintiffs are unaware of any additional information required at this time.

Bruce E. Miller, Esq. (Fed ID 3393)
Elisabeth A. Germain, Esq. (Fed ID 12643)
Bruce E. Miller, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, South Carolina 29412
T: 843.579.7373
F: 843.577.0460
bmiller@brucemillerlaw.com
bgermain@brucemillerlaw.com

– and –

Milton D. Stratos II, Esq. (Fed ID 5747)
Christopher J. McCool, Esq. (Fed ID 12275)
Joye Law Firm, L.L.P.
P. O. Box 62888
North Charleston, SC 29419-2888
T: (843) 554-3100
F: (843) 529-9180
mstratos@joyelawfirm.com
cmcool@joyelawfirm.com

**ATTORNEYS FOR SHYAN BARNETT; PENNY SAMBRANO; and TIFFANY SLAWSON**

CHARLESTON, SC

March 8, 2018