IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tiffany Slawson, | ) | Civil Action No. 2:18-cv-00217-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Palmetto Heights Management, LLC, | ) | |
| d/b/a Airport Inn; Archdale Development, | ) | |
| LLC; and Kamlesh Shah, individually, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 58.) recommending that the Court grant in part, deny in part Defendants' Motion for Summary Judgment. (Dkt. No. 42.) For the reasons set forth below, the Court adopts the R & R and grants in part, denies in part Defendants' Motion for Summary Judgment.

I. **Background**

Plaintiff, Tiffany Slawson, brought the current action against Defendants Palmetto Heights Management, LLC d/b/a Airport Inn, Archdale Development, LLC, and Kamlesh Shah, as an individual, alleging claims for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff was hired as a front desk clerk at the Airport Inn in September 2013. (Dkt. No. 42-2 at 20–23.) She was promoted to the position of General Manager approximately two months afterward. (Dkt. No. 42-2 at 27:15–17, 44: 6–19.) The Airport Inn is owned and operated by Defendant Palmetto Heights Management, LLC ("Palmetto Heights"), a South Carolina limited liability company owned by Defendant Kamlesh Shah ("Shah"). In addition, Mr. Shah is the sole owner of Defendant Archdale Development, LLC

("Archdale"), which owns and operates a neighboring hotel called the Clarion Inn & Suites ("Clarion").

Plaintiff alleges that while employed at the Airport Inn, she and other female employees were regularly subjected to vulgar, unwelcome comments of a sexual nature by Mr. Shah. (Dkt. Dkt. No. 1-1 at 3–4.) Plaintiff testified that Mr. Shah told her that her breasts "were large" and that she "needed to show them off" when she was out marketing with potential clients. (Dkt. No. 46-5 at 72: 12–15.) She also testified Mr. Shah pressured her to "sell herself" by wearing tight clothing and revealing her breasts. (Dkt. No. 46-5 at 73: 1–3; Dkt. No. 42-2 at 83: 1–8.) Plaintiff testified that on one occasion, Mr. Shah asked her if her nipples were pierced or if she just had big nipples. (Dkt. No. 42-2 at 117: 3–11.) In addition, Plaintiff contends that Mr. Shah told her on "numerous occasions" that his two favorite things in life are "money and good pussy." (Dkt. No. 42-2 at 89.)

Plaintiff testified Mr. Shah physically touched her on one occasion. Mr. Shah pulled her shirt and told her that she needed to expose more cleavage when interacting with clients. (Dkt. No. 42-2 at 84: 13–17.) Plaintiff testified Mr. Shah stared and looked at her while adjusting his genitals on numerous occasions. (Dkt. No. 42-2 at 49:19–50:18.) He also adjusted himself while stating that "it [is] large in size." (Dkt. No. 42-2 at 92: 20–23.) Plaintiff testified Mr. Shah made offensive sexual remarks to other female employees in Plaintiff's presence, commented on multiple female employees' breasts and buttocks, and told one female employee that she looked like she was "for sale." (Dkt. No. 46-2 at 92: 20-22; Dkt. No. 46-23 at 99:7–100:7; Dkt. No. 46-8 at 89:4–15; Dkt. No. 46-24 at 64:4–12.) In addition, Plaintiff contends Mr. Shah told female employees that women know nothing unless a man teaches them. (Dkt. No. 42-2 at 48:10–12.) Plaintiff found Mr. Shah's comments to be offensive, inappropriate, and unwelcome and she testified that she could hardly be in the same room as him. (Dkt. No. 42-2 at 88: 20–89:3; Dkt. No. 46-13 at 198: 16–199:18;

Dkt. No. 46-7 at 84:8–13.) Plaintiff testified that she confronted Mr. Shah and repeatedly asked him to stop making inappropriate comments and Mr. Shah responded that "he has money, he can do what he likes." (Dkt. No. 46-13 at 199:25–200:6; Dkt. No. 42-2 at 55:25–56:10.)

Plaintiff testified that she complained about Mr. Shah's ongoing behavior to Thomas Slawson (Regional Manager) and asked that he intervene approximately twenty times. (Dkt. No. 42-2 at 118:13–24.) Plaintiff claims that she became so uncomfortable that she asked Shelton Black, a maintenance employee at The Airport Inn, to stand near her at the front desk every time Mr. Shah came to the hotel. (Dkt. No. 42-2 at 117: 19–118:6.) In late February 2014, Plaintiff contacted the South Carolina Human Affairs Commission ("SCHAC") hoping that someone else might encourage Mr. Shah to stop harassing the female employees. Around this same timeframe, Plaintiff claims that she convened a meeting with other female employees to discuss Mr. Shah's treatment of women in the workplace and possible recourse. (Dkt. No. 42-2 at 78–79, 145: 15–22.) Around March 2, 2014, approximately two days after Plaintiff held the sexual harassment meeting, Plaintiff claims that her employment at the Airport Inn was terminated at Mr. Shah's request. (Dkt. No. 42-2 at 79: 6–11.)

On June 2, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Dkt. No. 42-6.) She alleged claims of sex discrimination and retaliation. (*Id.*) Specifically Plaintiff alleged:

> I was sexually harassed from on or about November 19, 2013 through March 2, 2014. I was subjected to unwelcome sexual comments by the Owner, Kamlesh Shah (male) and comments about other employees (female). I was also told that a woman knows nothing until a man has taught her. As the general manager, I asked Mr. Shah not to talk to the female employees or me in that manner. I reported the sexual harassment to the Regional Manager, Thomas Slawson. Mr. Slawson addressed the issues with Mr. Shah but he ignored the concerns and the comments continued.

> I was discharged on or about March 2, 2014 [sic]. The reason given was I did not come in on my schedule [sic] day off. I contend I was terminated in retaliation for reporting the sexual harassment.
>
> I therefore believe I was discriminated against because of my sex (female/sexual harassment) and in retaliation for my opposition to employment practices declared unlawful by the South Carolina Human Affairs Law, as amended, and Title VII of the U.S. Civil Rights Act of 1964 as amended. (*Id.*)

The EEOC determined the evidence presented was insufficient to establish Plaintiff was discharged as a retaliatory act in violation of Title VII. (Dkt. No. 46-18 at 3.) The EEOC determined there was reasonable cause to conclude that Plaintiff was discriminated against because of sex (female/sexual harassment) in violation of Title VII. (*Id.*) Plaintiff filed a lawsuit on December 27, 2017 (Dkt. No. 1-1) and Defendants removed the case to the United States District Court for the District of South Carolina on January 25, 2018.[1] (Dkt. No. 1) Defendants filed a motion for summary judgment seeking to dismiss all of Plaintiff's claims. (Dkt. No. 42.) Plaintiff filed a motion in opposition on April 24, 2019 (Dkt. No. 46) and Defendants filed their reply on May 13, 2019. (Dkt. No. 51.) The Magistrate Judge issued an R & R recommending the Court dismiss Plaintiff's claims against the individual Defendant, Mr. Shah, but allow Plaintiff's retaliation and sexual harassment claims to go forward. (Dkt. No. 58.) Defendants filed timely objections to the R & R on October 15, 2019. (Dkt. No. 59.)

---

[1] In addition to the instant action, two former employees of Mr. Shah have filed companion cases alleging similar claims of sexual harassment and retaliation against the same Defendants named in Plaintiff's Complaint. *See Sambrano v. Palmetto Heights Management, LLC, et al*, No. 2:18-CV-00216-RMG-MGB and *Barnett v. Palmetto Heights Management, LLC, et al*, No. 2:18-CV-00204-RMG-MGB. The instant action was consolidated with these companion cases for discovery purposes only. (Dkt. No. 40 at 1 n.1.)

## II. Legal Standard

### A. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Defendants timely filed objections and the R & R is reviewed de novo.

### III. Discussion

With regard to Plaintiff's claims against Mr. Shah, as an individual, the Magistrate Judge correctly concluded these claims are subject to dismissal. Title VII does not provide causes of actions against defendants in their individual capacities. Title VII reads as follows: "[i]t shall be unlawful employment practice for an employer . . . to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). The statute defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees" and "any agent of such a person." *Id.* § 2000e(b). The Fourth Circuit has analyzed the definition of "employer" and rejected the notion of individual liability under Title VII. *Lissau v. Southern Food Serv., Inc.* 159 F.3d 177, 180 (4th Cir. 1998) (holding that supervisors are not liable in their individual capacities under Title VII violations). As such, the Court agrees with the R & R of the Magistrate Judge that Plaintiff's claim against Defendant Shah, as an individual, should be dismissed.

Upon a review of Plaintiff's retaliation claim, the Court finds the Magistrate Judge ably addressed this issue. In general, the scope of a lawsuit under Title VII is "defined by the scope of

the administrative charge from which it arises and from any findings that arise out of the investigation of the charge." *EEOC v. General Elec. Co.*, 532 F.2d 359, 365 (4th Cir. 1976). Only those claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit. *Evans Techs Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Whether plaintiff's factual allegations are reasonably related generally depends on disparities between the "time frames, actors, and discriminatory conduct" alleged in the administrative charge and the judicial complaint. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Defendants argue in their motion for summary judgment and objections to the R & R that the retaliation claim alleged in Plaintiff's complaint is premised on fundamentally different factual assertions than those articulated in her charge such that Defendants were deprived of proper notice of the allegations brought against them. (Dkt. No. 42-1 at 6,13; Dkt. No. 59 at 12–13.) Defendants argue that the allegations in the Complaint shift her theory of retaliation such that Plaintiff failed to exhaust her administrative remedies regarding this claim. Defendants point to the fact that Plaintiff's complaint alleges retaliation for organizing and attending a meeting of female employees held to address the sexual harassment from Defendant Shah while Plaintiff's EEOC charge alleges retaliation for reporting sexual harassment to Tom Slawson. (Dkt. No. 1-1 at ¶¶ 18,26; Dkt. No. 42-6.)

Upon a review of Plaintiff's retaliation claim and EEOC charge, the Court finds that several allegations are common to the EEOC charge and the Complaint. For instance, both allege the same time frame where Mr. Shah allegedly harassed Plaintiff between November 2013 through March 2014. (Dkt. No. 42-6; Dkt No. 1-1 at 3.) Plaintiff alleges in both documents that she confronted Mr. Shah about his treatment of women at work and that she reported Mr. Shah's purported

harassment to Mr. Slawson. (Dkt. No. 42-6; Dkt. No. 1-1 at 3.) In addition, Plaintiff consistently alleges the same actor retaliated against her by terminating her employment for reporting sexual harassment. (*Id.*) Other than the variation in protected activity, Plaintiff's complaint involves the same place of work, the same actor, the same time frame, and the same discriminatory conduct as alleged in Plaintiff's initial EEOC charge. Taken together as a whole and considered in a light most favorable to Plaintiff, the Court finds the factual allegations in Plaintiff's complaint are reasonably related to those alleged in her initial EEOC charge. This sufficiently puts Defendants on notice that Mr. Shah allegedly retaliated against Plaintiff by terminating her for reporting his harassment of female employees in the workplace. The Court agrees with the R & R that Defendant's motion for summary judgment is denied as to Plaintiff's retaliation claim.

Upon a review of Plaintiff's claim for sexual harassment and the parties' arguments in support, the Court finds the Magistrate Judge comprehensively addressed this issue. Title VII makes it unlawful for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." 42 U.S.C. § 2000e–2(a)(1). Sexual harassment is a type of sex discrimination prohibited under Title VII. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). A Plaintiff may establish a hostile work environment based on sexual harassment if the Plaintiff can show the offending conduct was: (1) unwelcome; (2) based on the plaintiff's sex; (3) sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment, and (4) that there is some basis for imposing liability on the employer. *Ocheltree v. Scollon Prods. Inc.*, 335 F.3d 325, 331 (4th Cir. 2003).

In their motion for summary judgment and objections to the R & R, Defendants argue that Plaintiff fails to allege conduct sufficient to satisfy element three. To establish element three,

Plaintiff must show that she subjectively perceived the environment to be abusive, and that the conduct was such that an "objective reasonable person would perceive [the plaintiff's] work environment to be hostile or abusive." *EEOC v. Cent. Wholesalers, Inc.*, 573 F.3d 167, 175 (4th Cir. 2009). "[W]hen determining whether the harassing conduct was objectively severe or pervasive, [the Court] must look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *EEOC. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (internal quotation marks omitted). Plaintiffs must "clear a high bar in order to satisfy the [objective] severe or pervasive test." *Sunbelt*, 521 F.3d at 315. "[I]ncidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *Id*. "[R]ude treatment by [coworkers], callous behavior by [one's] superiors, or a routine difference of opinion and personality conflict with [one's] supervisor, are not actionable under Title VII." *Id*. at 315–16 (internal quotation marks and citations omitted). Ultimately, whether the harassment was sufficiently severe or pervasive to create a hostile work environment is a question of fact for the jury. *Conner v. Schrader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 199–200 (4th Cir. 2000).

Viewing the record in a light most favorable to Plaintiff, the Court finds that a reasonable jury could conclude that Plaintiff was exposed to an objectively hostile work environment while employed at The Airport Inn. *Sunbelt*, 521 F.3d at 315. Plaintiff's testimony reveals that Mr. Shah directed sexist commentary regarding women to Plaintiff by stating that "a woman knows nothing until a man has taught her." (Dkt. No. 42-2 at 48:11–12.) In addition, Plaintiff's testimony shows that Mr. Shah once physically touched her when he pulled down her blouse and told her to show more cleavage. (Dkt. No. 42-2 at 84: 14–17.) In addition, Plaintiff testified Mr. Shah directed

sexually explicit commentary toward Plaintiff on numerous occasions. (Dkt. No. 42-2 at 89: 14–17.) Plaintiff testified that Mr. Shah, on numerous occasions leered at her while grabbing his genitals. (Dkt. No. 42-2 at 49: 19–50:18.) He also adjusted himself while stating that "it was large in size." (Dkt. No. 42-2 at 92: 20–23.) Plaintiff's testimony reveals that Shah frequently directed offensive sexual comments toward Plaintiff, his employee. *Wheeler v. Virginia*, No. 7:17-CV-00337, 2019 WL 758611, at * 5 (W.D. Va. Feb.20, 2019) ("The Court has explained that the 'status of a harasser may be a significant factor' in measuring the severity of harassing conduct, since harassment perpetrated by a manager or supervisor against a subordinate employee has a 'particularly threatening character.'") Plaintiff asked Mr. Shah to stop his inappropriate behavior multiple times and she testified his was offensive and made her feel uncomfortable. (Dkt. No. 42-2 at 50: 49: 19–25, 84: 13–17, 88: 20–89: 18.) Viewed in a light most favorable to Plaintiff, this testimony establishes facts from which a reasonable trier of fact could conclude that the environment was pervaded with discriminatory conduct aimed to intimidate, ridicule, or insult, thereby creating an abusive atmosphere. *Ocheltree*, 335 F.3d at 331 (stating that a plaintiff may prove sex-based discrimination when she is not subjected to physical touching or sexual propositions.) The Court agrees with the R & R and denies Defendants' motion for summary judgment as to Plaintiff's sexual harassment claim.

In summary, Defendants' motion for summary judgment is granted as to Plaintiff's claims against Defendant Shah, as an individual. Defendants' motion for summary judgment is denied as to Plaintiff's retaliation claim and sexual harassment claim.

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R. (Dkt. No. 58.) Defendant's motion for summary judgment (Dkt. No. 42) is **GRANTED IN PART, DENIED IN PART**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 31, 2019
Charleston, South Carolina